# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 10-CV-36-WDS |
| ) | |
| $9,801.00 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## STIPULATED ORDER FOR RETURN OF PROPERTY

**STIEHL, District Judge:**

Upon stipulation by the United States of America by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Michael Thompson, Assistant United States Attorney, and Thomas H. Lake, Attorney for Alfredo Guerrero, the Court hereby **FINDS** and **ORDERS** as follows:

1. Thomas H. Lake hereby enters his appearance on behalf of Alfredo Guerrero.

2. The parties agree that the subject-matter $9,801.00 in United States currency shall be returned by the United States to Alfredo Guerrero through his attorney, Thomas H. Lake, and the United States shall not seek any further forfeiture of said funds based on any activity which occurred prior to the entry of this Order. Said return shall be processed through and subject to the Treasury Offset Program, which will mean that said $9,801.00 can and will be used towards satisfying other debts, if any, of Alfredo Guerrero to the United States with only the balance, if any, of said $9,801.00 to be returned to the claimant through his attorney.

3. Alfredo Guerrero warrants, that subject only to the right of the United States to forfeit said currency, he has at all relevant times been the sole owner of said currency and that there are no other liens or legal or equitable interests in same.

4. Alfredo Guerrero hereby releases and holds harmless the United States of America, the Village of Pontoon Beach, and the Pontoon Beach Police Department, and all officers, agents, employees, and attorneys of the United States of America and of the Village of Pontoon Beach, and the Pontoon Beach Police Department, from any and all damages or causes of action arising from the seizure of any of the subject-matter currency and the institution of forfeiture proceedings against said currency, including, but not limited to, any damages for loss of any interest, attorney's fees, or litigation costs, further including but not limited to any amounts which could be imposed under 28 U.S.C. § 2465(b)(1). The parties stipulate, and the Court so **FINDS**, that there was reasonable cause for the seizure of the subject-matter property and that this Order may serve as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2). This case is hereby **DISMISSED** without prejudice. The Court **DIRECTS** the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** May 13, 2011

/s/ **WILLIAM D. STIEHL**
**DISTRICT JUDGE**